MARIE NEITSCH, *by her Attorney in Fact Jean Elmore,*
*Appellant,* v. C. G. TYRRELL *et al., Respondents.*[1]

*Southard & De Vange,* for appellant.

*James A. Dougan* and *Ben A. Maslan, amici curiae.*

BLAKE, J.—Plaintiff brought this action for the recovery
of real property pursuant to the provisions of the Laws of
1941, chapter 188, p. 531 (Rem. Supp. 1941, § 814-1 [P.P.C.
§ 56-1] *et seq.*), entitled:

"AN ACT providing a special proceeding for the recovery
of possession of real property unlawfully detained where the
agreed rent or the rental value thereof does not exceed forty
dollars ($40)."

The act consists of ten sections, all but the first of which
relate to procedure. The first section establishes the grava-
men of the action and reads as follows:

"In cases of default in the payment of rent for real prop-
erty where the stipulated rent or rental value does not ex-

[1] Reported in 171 P. (2d) 241.

ceed forty dollars ($40) per month, no notice to quit or pay rent, other than filing and serving a summons and complaint, as hereinafter provided, shall be required to render the holding of such tenant thereafter unlawful. If the landlord shall, after such default in the payment of rent, accept payment thereof, such acceptance of payment shall operate to reinstate the right of the tenant to possession for the full period fixed by the terms of any agreement relating to the right of possession."

The court, upon hearing had pursuant to § 6, p. 532, of the act, made the following findings:

"3. That the defendants are in possession of the above described real property and have been since the month of April, 1945.

"4. That the rental value of said property was fixed by the Office of Price Administration at $9.00 per week, or $36.00 per month, to be paid in advance on the first day of each and every month.

"5. That since the month of August, 1945, defendants have been mailing the rental money in the sum of $36.00 per month to A. A. Elmore, the husband of said Jean Elmore, at Vantage, Washington, for the benefit of said owner; that said payments have been accepted by the owner under such arrangement.

"6. That on the nineteenth day of February, 1946, the defendants deposited in the post office at Ephrata, Washington, postage prepaid, an envelope addressed to A. A. Elmore, Vantage, Washington, containing $36.00 for the February, 1946, rental of said premises. That said letter was not accepted by said A. A. Elmore, acting for the plaintiffs, and was later returned, unopened, to the defendants."

From these findings, the court entered the following conclusion of law:

"That at the time this action was commenced the defendants were not in default in the payment of the rental of said premises."

Judgment of dismissal was accordingly entered, from which plaintiff appeals.

The question for determination is whether the facts found support the judgment. We think it is apparent they do not.

■ In the light of the provisions of § 1 of the act, all that appellant was required to do to establish her right to recover possession of the property was to show that respondents were holding under a monthly rental of less than forty dollars; that they were in default on the February installment; and that, subsequent to their default, she had not accepted payment. These facts having been found by the court, appellant was entitled, under the plain terms of the act, to a writ of restitution.

■ There seems to be an implication in finding number five that, in months previous to February, appellant accepted rent after default by respondents. If such be the case, it would not affect appellant's right to maintain this action. Such acceptance of rent after default, would, under the express terms of § 1, merely serve "to reinstate the right of the tenant to possession for the full period [in this case, the month for which rent was accepted after default] fixed by the terms of any agreement relating to the right of possession."

The judgment is reversed and the cause remanded, with instruction to enter an order directing issuance of a writ of restitution.

BEALS, C. J., JEFFERS, ROBINSON, and MILLARD, JJ., concur.

### ON REHEARING.

⌊*En Banc.* December 27, 1946.⌋

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adhere to the Departmental opinion heretofore filed herein.

The unconstitutionality of Laws of 1941, chapter 188, p. 531 (Rem. Supp. 1941, § 814-1 [P.P.C. § 56-1] *et seq.*), is suggested by *amici curiae* on whose petition we granted a rehearing of the cause. The constitutionality of the cited statute was not challenged in the hearing to the Department; respondents did not file a brief or appear in this court. The question of the constitutionality of the statute is reserved for future determination.